IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL NO. 2:13CV13-FDW-DSC

| | |
|---|---|
| JOANNE MCMANUS TRIM, )<br>　　　Plaintiff,　　) <br>　　　　　　　　　　　　　)<br>　vs.　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>CAROLYN W. COLVIN,　　)<br>Commissioner of Social　　)<br>Security Administration,　　)<br>　　　Defendant.　　　)<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and "Brief in Support ..." (document #11), both filed August 6, 2013; and Defendant's "Motion for Summary Judgment" (document #12) and "Memorandum in Support …" (document #13), both filed September 16, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>; and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

1

# I. **PROCEDURAL HISTORY**

On July 6, 2004, Plaintiff filed an application for a period of disability, Social Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging that she was unable to work as of January 1, 1983. (Tr. 664-668, 700, 857-859). Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff requested a hearing, which was held on September 17, 2008. (Tr. 35-66). On December 3, 2008, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits.[1] (Tr. 9-33). The Appeals Council denied Plaintiff's request for review. (Tr. 2-4).

Plaintiff appealed to the United States District Court for the Western District of North Carolina. See Trim v. Astrue, NCWD File No. 2:09cv90-MR. On October 26, 2011, District Judge Martin Reidinger reversed the Commissioner's decision and remanded the case for a new hearing. "Memorandum of Decision and Order" (document #29), NCWD File No. 2:09cv90-MR. Judge Reidinger found that the "obviously flawed testimony" from a Vocational Expert (V.E.) was not substantial evidence to support the ALJ's determination that there were a significant number of jobs that Plaintiff could perform. Id. at 10.

A second hearing was held on July 19, 2012. (Tr. 939-976). On August 17, 2012, the ALJ issued a decision denying Plaintiff benefits. (Tr. 702-728). On August 31, 2012, the ALJ issued an amended decision to correct Finding 11, which stated that Plaintiff was not disabled from June 6, 2004 through the date of the decision on August 17, 2012. (Tr. 697-701). In the amended decision, the ALJ found that Plaintiff was not disabled from June 6, 2004 through May 4, 2009. (Tr. 700-701).

---

[1] On May 5, 2009, Plaintiff filed a subsequent application for Supplemental Security Income benefits. On March 16, 2011, an ALJ found that she was disabled as of May 5, 2009. (Tr. 700, 794-801).

The ALJ determined that Plaintiff had no past relevant work. (Tr. 726). The ALJ initially found that Plaintiff was approaching "advanced age" as of her alleged onset date, but later changed her age category to "advanced age". The ALJ also found that she had at least a high school education, and that transferability of skills was not an issue. (Tr. 726). The ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC")[2] to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). She could lift/carry a maximum of twenty-five pounds frequently and fifty pounds occasionally, stand/walk for six of eight hours in a workday, and sit for six of eight hours in a workday. (Tr. 717). The ALJ also found that Plaintiff could frequently balance, kneel, crawl, handle, finger, feel; climb ladders, ropes, scaffolds, and ramps/stairs; occasionally stoop and crouch; had limited depth perception; and was restricted to simple one-step and two-step tasks, defined as low stress, non-production work. (Tr. 717).

At the final step, the ALJ consulted a V.E. since Plaintiff's ability to perform the full range of medium work was impeded by non-exertional limitations. (Tr. 727). In response to a hypothetical factoring in the above limitations, a V.E. testified that Plaintiff could perform work as a cleaner, kitchen helper, and food service worker. (Tr. 972-973). Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (Tr.727).

Plaintiff filed a timely Request for Review of Hearing Decision. The Appeals Council denied Plaintiff's request for review. (Tr. 681-684).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Plaintiff filed this action on March 13, 2013. She assigns error to the ALJ's reliance on the V.E.'s testimony. Plaintiff contends that the ALJ failed to properly address a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff's "Brief in Support" at 16-21 (document #11).

The parties' cross-Motions for summary judgment are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, or to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, between her alleged onset date of June 6, 2004 and May 4, 2009.[3]

In the ALJ's RFC and his resulting hypothetical posed to the VE, the ALJ restricted Plaintiff to medium work with additional limitations to "frequent climbing of ladders/ropes/scaffolds and of ramps/stairs; frequent balancing, kneeling and crawling; occasional stooping and crouching; frequent handling, fingering and feeling; limited depth perception; and a limitation to simple one-step and two-step tasks, defined as low stress, non-production work." (Tr. 717, 971-972). With these limitations, the V.E. identified the available

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
    inability to engage in any substantial gainful activity by reason of any medically determinable
    physical or mental impairment which can be expected to result in death or which has lasted or can
    be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

jobs as cleaning occupations, DOT 381.687-018; kitchen helper , DOT 381.687-010; and food service worker, DOT 319.677-014. R 972-973 available jobs.

Social Security Ruling 00-4p sets forth standards for the use of vocational experts. The Ruling contains specific provisions regarding conflicts as follows:

> Occupational evidence provided by a vocational expert or VS generally should be consistent with the occupational information supplied by the *DOT*. When there is an apparent unresolved conflict between vocational expert or VS evidence and the *DOT*, the adjudicator must elicit a reasonable explanation for the conflict before relying on the vocational expert or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

Social Security Ruling 00-4p, *4-5 (emphasis added). The Ruling continues:

> **The Responsibility To Ask About Conflicts**
> When a vocational expert or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that vocational expert or VS evidence and information provided in the *DOT*. In these situations, the adjudicator will:
>
> Ask the vocational expert or VS if the evidence he or she has provided conflicts with information provided in the *DOT*; and
>
> If the vocational expert's or VS's evidence appears to conflict with the *DOT*, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> **Explaining the Resolution**
> When vocational evidence provided by a vocational expert or VS is not consistent with information in the *DOT*, the adjudicator must resolve this conflict before relying on the vocational expert or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

Social Security Ruling 00-4p, *8-9.

6

Defendant concedes that there were unresolved conflicts between the V.E.'s testimony and the DOT concerning the cleaning and kitchen helper jobs. See Defendant's "Memorandum in Support …" at 5 (document #13).

Plaintiff has also identified a conflict between the V.E.'s testimony and the DOT requirements for the food service worker job. Although the DOT requires "occasional" depth perception, the ALJ found and included in his hypothetical that Plaintiff had only "limited" depth perception. (Tr. 717, 972). Defendant's only response to this conflict is the unsupported assertion that "there has been no showing that the food service worker position … is inconsistent with the ALJ's current RFC finding." Id.

At the first hearing, the ALJ found that Plaintiff had "no depth perception." The parties disagree as to whether that finding precluded the ALJ from later finding that Plaintiff had "limited" depth perception. The parties offer no authority on this point. Since it is not necessary to reach this issue, the Court declines the invitation to speculate.

In light of the flawed testimony, and there being no other evidence in the record to support the ALJ's step five determination, his decision that there were significant numbers of jobs that Plaintiff could perform is not supported by substantial evidence. At the next hearing, the ALJ should specifically address any apparent conflicts between the V.E.'s testimony and the DOT.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #10) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; that the Commissioner's

decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Frank D. Whitney.

---

[4]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED.**

Signed: September 19, 2013

David S. Cayer
United States Magistrate Judge